JEANETTE MOCK *v.* J. M. KENNEDY.

Where an officer in executing a writ of *fieri facias* against the husband, seizes property which he has *good reasons to know* is the separate property of the wife, he is responsible to her in damages for such illegal seizure.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *G. & C. E. Schmidt,* for plaintiff.   *T. J. Semmes,* for defendant and appellant.

LAND, J.   The defendant has appealed from a judgment condemning him to pay two thousand five hundred dollars damages, for the illegal seizure of the plaintiff.'s property, under a writ of *fieri facias,* issued in the suit of *Robertson & Hudson* v. *Auguste Rose,* the plaintiff's husband, from the United States Circuit Court for the Eastern District of Louisiana.

It appears from the evidence, the property seized consisted of a stock of dry goods, in a store-house situate at the corner of Girod and Tchoupitoulas streets in this city, and was in the possession of the plaintiff, who was carrying on business in her own name, as a public merchant, and was separated in property from her husband.   It further appears from the evidence, that the defendant had previously seized the stock of goods in possession of the plaintiff, in the same store-house, in the suit of *A. Journay & Co.* v. *A. Rose,* her husband ; that she enjoined the sale, and upon the trial of the injunction suit, she was decreed to be the owner of the property seized, and the defendant perpetually enjoined from selling the same under the writ of *fieri facias* then in his hands.

It further appears that the defendant was enjoined from selling the goods seized in the suit of *Robertson & Hudson* v. *A. Rose,* and that *this injunction was also perpetuated,* on the ground of plaintiff's separate ownership of the property seized, and that the judgment was affirmed on appeal to this court.

It, therefore, is manifest, that the defendant had *good reasons to know* that the property seized at the suit of *Robertson & Hudson* was not the property of the defendant in execution, but the separate property of *this plaintiff before, and at the date of the seizure,* and that he was committing an act of tresspass and wrong at the instance of the plaintiff in execution.

The damages allowed by the District Judge are heavy, but, under the circumstances of the case, we do not think them excessive.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.